UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROMIER DALVON PETERS,

    Petitioner,

v.

DANIEL LESATZ,

    Respondent.

Case No. 19-cv-10499
Hon. Matthew F. Leitman

_____/

**ORDER DIRECTING PETITIONER
TO INFORM COURT HOW HE WISHES TO PROCEED**

**I**

Petitioner Romier Dalvon Peters is a state inmate in the custody of the Michigan Department of Corrections. In 2016, a jury in the Wayne County Circuit Court convicted Peters of armed robbery and possession of a firearm during commission of a felony.

On February 19, 2019, Peters filed a petition for a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254. (*See* Pet., ECF No. 1.) On its face, the habeas petition enumerates five claims that Peters presented to the state courts on direct review:

> I. Defendant was denied the due process right to a fair trial by the admission of irrelevant evidence that the car and gun were stolen when such evidence had nothing to do with defendant.

1

> II. The late witness endorsement of two key witnesses deprived Defendant of his right to a fair trial and the trial court abused its discretion in allowing these witnesses to testify.
>
> III. Defendant was denied the right to a fair trial by the erroneous admission of the tainted identification where he was not picked out of a live line-up but the victim made his first identification of Defendant after spending hours in a closed witness room with the star witness to discuss the Defendant, the case and what he looked like right before the victim testified on the record.
>
> IV. The prosecutor denied Defendant a fair trial by vouching for the credibility of a witness and trial counsel was ineffective in failing to object.
>
> V. Defendant's sentences were invalid because they were based on inaccurate information, improper scoring of the legislatively imposed sentencing guidelines, use of an incorrect burden of proof, and insufficient facts; therefore, his due process rights were violated.

(*Id.*, PageID.6-11, 17-18.)

Peters also filed a Memorandum of Law in support of his petition. The memorandum's argument headings also enumerate the five exhausted claims quoted above. (See *id.*, PageID.17-18.) But according to Respondent, the body of Peters' memorandum can reasonably be interpreted to raise an additional five claims that were *not* presented to the state courts:

> VI. There was insufficient evidence to convict Peters of armed robbery and felony-firearm.
>
> VII. The verdict was against the great weight of the evidence.

2

VIII. The trial court exhibited judicial bias towards Peters.

IX. Ineffective assistance of counsel.

X. Ineffective assistance of counsel for refusing to allow Peters to testify, and the Michigan Court of Appeals erred in reversing the trial court's order granting Peters' motion for new trial premised on ineffectiveness.

(Answer, ECF No. 7, PageID.71.)

## II

A federal habeas petitioner must exhaust remedies available in the state courts before filing his petition. *See* 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *Id*. Federal district courts generally dismiss mixed habeas petitions that contain both exhausted and unexhausted claims. *See Pliler v. Ford*, 542 U.S. 225, 230 (2004) (citing *Rose v. Lundy*, 455 U.S. 509, 510, 522 (1982)); *Rockwell v. Yukins*, 217 F.3d 421, 423 (6th Cir. 2000).

However, the dismissal of a mixed petition while a petitioner pursues state remedies for unexhausted claims could result in the subsequent petition being barred by the one-year statute of limitations for habeas petitions. *See* 28 U.S.C. § 2244(d). To avoid that time-bar, a federal court may opt to stay a federal habeas petition and

hold further proceedings in abeyance pending resolution of state court post-conviction proceedings. *See Rhines v. Weber*, 544 U.S. 269, 278 (2005).

The Court agrees with Respondent that it is unclear based on Peters' pleadings which substantive claims for relief Peters intended to raise in this action. If, as Respondent claims, Peters seeks relief on unexhausted claims, the petition may be subject to dismissal. Because it is not clear whether Peters intended to raise unexhausted claims in this action, the Court **DIRECTS** Peters to clarify, in writing, which claims he intended to raise in his habeas petition.

Peters has two options: (1) he may clarify that it was his intention to raise only his five exhausted claims in this action, in which case the case will proceed only as to those claims, or (2) he may clarify that he intended to add new claims that were not previously raised in the state courts. If Peters selects the second option, the Court will then consider whether the case should be held in abeyance to allow Peters to return to state court to present his unexhausted claims in that forum.   Peters shall inform the Court of his selection, in writing, by no later than **October 17, 2022**.

**IT IS SO ORDERED.**

Dated:  August 4, 2022

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

4

     I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 4, 2022, by electronic means and/or ordinary mail.

                                      s/Holly A. Ryan
                                      Case Manager
                                      (313) 234-5126