UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROMIER DALVON PETERS,

        Petitioner,                    Case No. 4:19-cv-10499
                                        Hon. Matthew F. Leitman

v.

DANIEL LESATZ,

        Respondent.

_____/

**ORDER (1) GRANTING PETITIONER'S MOTION TO STAY
PROCEEDINGS AND HOLD HABEAS PETITION IN ABEYANCE (ECF
No. 15), (2) STAYING CASE PENDING EXHAUSTION OF STATE
REMEDIES, AND (3) ADMINISTRATIVELY CLOSING CASE**

**I**

Petitioner Romier Dalvon Peters is a state inmate in the custody of the Michigan Department of Corrections. In 2016, Peters was convicted of armed robbery and felony-firearm in the Wayne Circuit Court. On February 19, 2019, Peters filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. (See Pet., ECF No. 1.)

As noted in this Court's previous order, on its face, the habeas petition enumerated five claims that Peters presented to the state courts on direct review. Peters also filed a Memorandum of Law in support of his petition, however, that

seemed to raise an additional five claims that were not presented to the state courts. (See *id.*, PageID.17-18.)

Because it was not clear whether Peters intended to raise these five additional unexhausted claims, the Court directed him to clarify his intentions. (Order, ECF No. 11.) After a delay occasioned by Peters' transfer to another prison, he filed a response to the order indicating that he indeed intended to raise the five unexhausted claims in this action. (Response to Order, ECF No. 15.) Peters further requested that the case be stayed so he can raise his new claims in a state post-conviction review proceeding. (See *id.*, PageID.1125.)

## II

State prisoners are required to give the state courts an opportunity to act on their claims before they present their claims to a federal court in a habeas corpus petition. See 28 U.S.C. § 2254(b)(1), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). This requirement is satisfied if the prisoner "invok[es] one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

To avoid complications with the statute of limitations, a federal court may opt to stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings. *See Rhines v. Weber*, 544 U.S. 269, 278 (2005). After the petitioner exhausts his state remedies, the federal court may lift its stay and allow the petitioner to proceed in federal court. *Id*. at 275-76.

The Court concludes that such a stay is warranted here because it will enable Peters to exhaust his state court remedies for all of his claims without fear of violating the statute of limitations. There is no indication that Peters has been engaged in intentional dilatory actions or that his new claims are plainly meritless. The Court will hold the habeas petition in abeyance while he attempts to exhaust his new claim in state court.

Accordingly, **IT IS HEREBY ORDERED** that Peters' request to hold his habeas petition in abeyance while he pursues possible state-court remedies (ECF No.15) is **GRANTED**. This stay is conditioned upon Peters fully exhausting his state-court remedies, including filing a motion for relief from judgment in the trial court, and if necessary, seeking timely review in the Michigan Court of Appeals and Michigan Supreme Court in the manner provided under Michigan law. The stay is further conditioned on Peters' return to this Court, with a motion to re-open and amend his petition, using the same caption and case number included at the top of this Order, within 60 days of fully exhausting his state court remedies. *See, e.g., Wagner v. Smith*, 581 F.3d 410, 411 (6th Cir. 2009)(discussing similar procedure). If Peters fails to comply with any of the conditions described in this paragraph, the Court may dismiss his petition and/or rule only on his currently-exhausted claims. *See Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014).

**IT IS FURTHER ORDERED** that the Clerk of the Court shall **CLOSE** this case for administrative purposes only. Nothing in this Order or the related docket entry shall be construed as an adjudication of any of Peters' claims. *See Sitto v. Bock*, 207 F.Supp.2d 668, 677 (E.D. Mich. 2002).

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:   May 9, 2023

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 9, 2023, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126